IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SCOTT A. SWARTWOOD,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br>a Delaware corporation;<br><br>Defendant. | 8:25CV244<br><br>**AMENDED FINAL PROGRESSION ORDER** |

IT IS ORDERED that parties' joint motion to amend is granted. (Filing No. 37). The unexpired deadlines in the final progression order are amended as follows:

1) The trial and pretrial conference will not be set at this time. The status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings set for December 2, 2025 is **continued** and will be held with the undersigned magistrate judge on **February 3, 2026** at **9:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

2) The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is January 20, 2026. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by February 3, 2026.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the parties                       February 20, 2026.

    For rebuttal:                        March 23, 2026.

4) The fact deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is January 20, 2026.

    a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is ten.

    b. Depositions will be limited by Rule 30(d)(1).

    c. The parties have stipulated that all evidentiary trial preservation deadlines for witnesses that are unavailable for trial or are experts in the case must be completed forty-five (45) days prior to trial.

5) The deadline for filing motions to dismiss and motions for summary judgment is May 1, 2026.

6) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is May 1, 2026.

7) Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

8) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

9) Deadlines not specifically amended by this order are unchanged. All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 30th day of October, 2025.

BY THE COURT:

s/ Ryan C. Carson

United States Magistrate Judge